# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HEATHEN BLODHARN, | ) | Case No. 1:26-cv-184 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Heathen Blodharn, a prisoner currently incarcerated in the Allen Oakwood Correctional Center, filed this *in forma pauperis* civil rights complaint in under 42 U.S.C. § 1983, without a lawyer, against 22 named Defendants and 10 Jane/John Doe Defendants.  (ECF No. 1.)  For the reasons that follow, the Court **DISMISSES** his complaint.

## BACKGROUND

In May 2022, Plaintiff was transferred to Ohio pursuant to the Interstate Corrections Compact from Montana, where he was serving prison sentences for multiple Montana convictions.  Since his transfer, he has been housed in various correctional institutions in Ohio, including the Mansfield Correctional Institution and the Trumbull Correctional Institution (, where he was incarcerated when he filed this action on January 23, 2026.

In complaint, Plaintiff sues the State of Ohio; Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction; and Tracy Reveal,

the ODRC's Coordinator for the Interstate Corrections Compact on claims challenging the lawfulness of his transfer to and imprisonment in Ohio pursuant to the compact.  (*See* ECF No. 1, ¶¶ 79–85, PageID #10.)  In addition, he sues nearly twenty employees and officials at the Mansfield and Trumbull Correctional Institutions for a host of alleged civil rights violations relating to his treatment and the conditions of his confinement during his incarceration from 2023 through 2025. Among other things, he alleges retaliation by excessive force and false conduct reports for filing grievances and lawsuits against prison personnel, denial of care for serious medical needs, and denial of his First Amendment right of access to the courts, to protest his conditions of his confinement by hunger strike, to send and receive mail, to privacy in accordance with the attorney-client privilege, and to practice an unspecified religion.

He seeks damages, declaratory relief, and injunctive relief ordering him to be returned to Montana immediately and for the "Defendants to list only [his] legal name ('Heathen Blodharn') on his records, Identification card, etc. in Ohio."  (*Id.*, ¶¶ 94–97, PageID #12.)

## GOVERNING LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis* and sues governmental Defendants, the Court must review his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Those statutes require the Court to dismiss Plaintiff's complaint, or any portion of it, that the Court determines

2

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). *Pro se* pleadings receive liberal construction. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet still basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## ANALYSIS

Under this standard, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal in accordance with Sections 1915(e) and 1915A.

## I.

Plaintiff's primary claims in this case are against the State of Ohio, Annette Chambers-Smith, and Tracy Reveal, challenging the lawfulness of his transfer to and imprisonment in Ohio. Plaintiff already challenged the lawfulness of his transfer to and imprisonment in Ohio in prior actions filed in the Ohio Supreme Court, the Ohio Court of Claims, and the Montana Supreme Court, and all of which denied him relief. *See Blodharn v. Chambers-Smith*, 174 Ohio St. 3d 453, 2024-Ohio-645, 237 N.E.3d 159 (denying Plaintiff's petition for a writ of habeas corpus seeking release from an Ohio prison following his transfer from Montana); *Blodharn v. ODRC*, No. 2023-00218 (Ohio Ct. Cl. Aug. 18, 2023) (dismissing Plaintiff's claims that he was falsely

3

imprisoned in Ohio pursuant to the Interstate Corrections Compact); *Blodharn v. State of Montana*, No. OP 24-0689, 2024 WL 5075184 (Mont. Dec. 11, 2014) (denying Plaintiff's petition challenging the lawfulness of his transfer).

In addition, Plaintiff challenged the lawfulness of his transfer and imprisonment in Ohio in a prior civil rights action he filed under Section 1983 in the Southern District of Ohio, where a federal Magistrate Judge recommended dismissal of his claims, reasoning that the claims fail to state a claim for relief and are subject to dismissal on the basis of *res judicata*. *See Warren v. Chambers-Smith*, No. 2:24-cv-1565, ECF No. 5-1, at 16–18 (S.D. Ohio Sept. 20, 2024) (Report and Recommendation).

The Court agrees with that reasoning and the conclusions of the Magistrate Judge in the Southern District. Under the doctrine of *res judicata*, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action as to every matter actually litigated as well as every theory of recovery that could have been presented in a prior case. *Parker v. Gibbons*, 62 F. App'x 95, 96 (6th Cir. 2003). *Res judicata* bars a claim where there is: (1) a prior final decision on the merits by a court of competent jurisdiction; (2) a second action follows, involving the same parties, or their privies; and (3) the second action raises claims that actually were or could have been litigated in the first action; and (4) the second action involves the same subject matter as the previous action. *Hapgood v. Warren* 127 F.3d 490, 493 (6th Cir. 1997).

These elements are all present with respect to Plaintiff's claims pertaining to his transfer and imprisonment in Ohio.  Courts of competent jurisdiction have issued valid final judgments on the merits of claims already asserted by Plaintiff challenging the lawfulness of his transfer to Ohio pursuant to the ICC, this action involves the same parties or their privies and arise out of the same transaction or occurrence as prior cases, and Plaintiff did (or could have) raised the claims he raises here as to the lawfulness of his transfer in the prior cases.  Further, as the Magistrate Judge noted in the Plaintiff's pending case in the Southern District, federal courts of appeals have held that "alleged violations of the [Interstate Corrections Compact] do not constitute violations of federal law and therefore are not actionable under § 1983." *Warren v.,* No. 2:24-cv-1565, ECF No. 501, at 18 (citing *Counts v. Wyoming Dep' t of Corrs.*, 854 F. App'x 948, 953 n.2 (10th Cir. 2021)).

Accordingly, Plaintiff's claims in this case regarding his transfer fail to state a claim, are barred by *res judicata*, and warrant dismissal pursuant to Sections 1915(e) and 1915A.

## II.

The Court also finds that Plaintiff's remaining claims warrant *sua sponte* dismissal because Plaintiff has improperly asserted them in this lawsuit.  Although prisoners are permitted to assert multiple claims against multiple parties in a lawsuit, Rule 20(a) limits when multiple defendants may be joined in one action.  A civil plaintiff may join multiple defendants in a single action, but only if the plaintiff asserts a claim to relief against each defendant that arises out of the same transaction or occurrence, or series of transactions or occurrences, and if a question of law or fact

common to all defendants will arise in the action. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Shivers v. Johnston*, No. 2:22-cv-183, 2022 WL 16706842, at \*3 (W.D. Mich. Nov. 4, 2022) (citing cases).

Further, as the Seventh Circuit explained in *George*, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s]," but also because the Prison Litigation Reform Act limits "to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George*, 507 F.3d 607. Therefore, allowing a prisoner to proceed with unrelated claims against multiple defendants in a single *in forma pauperis* lawsuit would allow the prisoner to circumvent the fee requirements of the Prison Litigation Reform Act. *See id.* at 607–08*; see also Shephard v. Edwards*, No. C2–01–563, 2001 WL 1681145, at \*1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions to allow him to pay one filing fee because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision").

Plaintiff's civil rights claims relating to his treatment and the conditions of his confinement at the Mansfield and Trumbull Correctional Institutions from 2023 through 2025 do not arise from the same transaction or occurrence or present common questions of law or fact as the claims he asserts against the State of Ohio, Annette Chambers-Smith, and Tracy Reveal regarding the lawfulness of his transfer to Ohio in 2022. Accordingly, Plaintiff cannot assert his unrelated civil rights claims in this

6

proceeding because allowing him to do so would allow him to circumvent the fee requirements of the Prison Litigation Reform Act. *See George*, 507 F.3d 607–08.

## CONCLUSION

For these reasons, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court **DISMISSES** Plaintiff's complaint. His claims relating to his treatment and the conditions of his confinement are dismissed without prejudice to the filing of a separate lawsuit or lawsuits that comply with the requirements of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  May 15, 2026

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

7