**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HEATHEN BLODHARN, | ) | Case No. 1:26-cv-184 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Heathen Blodharn seeks reconsideration of the judgment dismissing his lawsuit. As an initial matter, nothing requires a Magistrate Judge to prepare a report and recommendation. Indeed, on dispositive motions, the statute often turns a report and recommendation into make work. A district judge must review objections de novo, duplicating time and effort and expending scarce judicial resources needlessly. For this reason, best practices within the judiciary disfavor a report and recommendation on dispositive matters. Plaintiff fails to appreciate the Local Rules of the Northern District, which automatically assign a Magistrate Judge in every case—whether that Magistrate Judge will screen the case or do any other work on it. In any event, Mr. Blodharn achieved the same result by seeking reconsideration.

As for the merits of Plaintiff's motion, justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or

reconsideration is necessary to prevent manifest injustice.  *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).  A district court retains the discretion to entertain such a motion.  *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).  Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment.  *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

After reviewing the record, Plaintiff's motion for reconsideration, and the Order dismissing the case, the Court sees no clear error of law and no manifest injustice.  Therefore, the Court stands by its original ruling.  Mr. Blodharn fails to appreciate the operation of the legal doctrine of res judicata, which bars his claims in this subsequent lawsuit because he had the opportunity to litigate his claims in earlier lawsuits—and he did not.  Indeed, Mr. Blodharn recites in his motion that he has other litigation pending where he had the opportunity to raise these same issues. And 28 U.S.C. § 1915 requires dismissal where, as here, a defendant would be entitled to immunity even if allegations have merit.

Finally, in the course of his motion for reconsideration, Plaintiff argues that the Court should have afforded him leave to amend.  But Plaintiff does not attach a proposed amendment.  Although Rule 15 generally directs a court to give leave to

amend freely, Fed. R. Civ. P. 15(a)(2), perfunctory amendment requests are inadequate. *See Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011); *see also Alexander v. Eagle Mfg. Co.*, 714 F. App'x 504, 511 (6th Cir. 2017) ("[A] request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendants motion to dismiss is not a motion to amend.") (cleaned up).

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration and **DENIES** leave to amend.

**SO ORDERED.**

Dated:  June 18, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3